**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JASON GRANT JONES,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:10-0402** |
| | ) | **Judge Echols** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**M E M O R A N D U M**

Presently pending before the court is the Respondent's Motion to Dismiss the movant's *pro se* motion under 28 U.S.C. § 2255 as untimely. (Docket No. 12). Jason Grant Jones, the movant, has responded in opposition. (Docket No. 13).

**I.      Facts and Procedural History**

The movant presently is incarcerated in the Terre Haute Federal Correctional Institution in Terre Haute, Indiana.   He is currently serving a sentence of two hundred forty (240) months of incarceration for possession with intent to distribute 50 grams or more of methamphetamine in violation of 18 U.S.C. § 841(a)(1). *See United States v. Jones*, No. 3:05-cr-00184 (M.D. Tenn. 2007).

The movant pled guilty on December 12, 2006, to Count One of the Superseding Indictment. (*Id.*,  Docket No. 50). Judgment was entered on August 10, 2007. (*Id.*, Docket No. 70).   On May 25, 2007, the Court sentenced the movant to two hundred and forty (240) months incarceration. (*Id.*, Docket No. 68).   The movant filed a notice of appeal on June 18, 2007. (*Id.*, Docket No. 67).  On October 10, 2008, the mandate issued by Sixth Circuit Court of Appeals affirming the district court's

1

denial of the movant's motion to suppress, the only issue presented on appeal. (*Id.*, Docket No. 72). The movant did not file a petition for a writ of *certiorari* in the United States Supreme Court. The instant motion is the movant's first motion for relief under § 2255.

## II. Statute of Limitations Governing 28 U.S.C. § 2255 Motions

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), federal prisoners have one year within which to file a petition for *habeas corpus* relief, which runs from the latest of four (4) circumstances, one of which is "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. §§ 2244(d)(1)(A); 2255 6(1). The AEDPA's one-year limitations period is tolled during the ninety (90) days in which a federal prisoner may file a petition for a writ of *certiorari* in the Supreme Court of the United states at the conclusion of direct review, whether he does or not. *Clay v. United States*, 537 U.S. 522, 532 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

## III. Analysis

### A. The movant's § 2255 motion is untimely.

The date on which the movant's judgment became final by conclusion of direct review was October 10, 2008, the date the mandate was issued by the Sixth Circuit Court of Appeals. Thus, the movant had until January11, 2010 to file his petition for *habeas corpus* relief.[1]

---

[1] On October 11, 2008, the ninety (90) day period within which the prisoner could file a petition for a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the Court excludes the day of the event that triggers the period; thus, here, October 10, 2008 is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on January 8, 2009. *See Fed. R. Civ. P.* 6(a)(1)(c)(when the governing time period is stated in days, the Court includes the last day of the period with exceptions that do not apply). Thus, the AEDPA's one-year limitations period began on January 9, 2009. *See Fed. R. Civ. P.* 6(a)(1)(a)(requiring that the day of the triggering event be excluded; thus, here, January 8, 2009 is excluded). The AEDPA's one-year limitations period ended on January 11, 2010. *See Fed. R. Civ. P.* 6(a)(1)(c)(exception applies that, if the last day of time period is a

2

The movant's instant petition was signed and dated April 16, 2010. (Docket Entry No. 1). The envelope in which he mailed the petition is post-marked April 18, 2010 (*Id.*); thus, there was no undue delay in mailing the petition. The Clerk's Office received the petition on April 21, 2010 (*Id.*); thus, there was no undue delay in receiving the petition through the mail system. From the record before the Court, it is apparent that the movant filed his motion for relief under § 2255 over three (3) months beyond the AEDPA's one-year limitations period.

In his response to the Government's motion to dismiss, the movant does not dispute that his § 2255 motion is untimely. However, the movant contends that the AEDPA's statute of limitations should be equitably tolled for two reasons: (1) he lacked legal education, knowledge, and experience and did not have anyone to assist him in filing his § 2255 motion; and (2) he did have access to law books or legal materials since he is "at a facility that locks-down a considerable amount of time." (Docket Nos. 5 and 13).

### B. Equitable tolling is inappropriate in this case.

Although the movant's § 2255 motion is untimely, the law is well-settled that the one-year limitations period expressed in §§ 2244 and 2255 does not operate as a jurisdictional bar to *habeas corpus* petitions; the one-year limitations period may be equitably tolled under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). In *Dunlap*, the Sixth Circuit held that equitable tolling was appropriate only after the court had properly considered and balanced five factors. *Dunlap,* 250 F.3d at 1008-09. The factors to be considered are: (1) the movant's lack of actual notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence

---

Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday; here, January 9, 2010, was a Saturday, and January 11, 2010, was not a holiday).

of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the filing requirement. *Id.* at 1008.

The five factors considered in deciding whether to apply equitable tolling are not comprehensive, nor is each relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Absence of prejudice to the respondent may be considered "only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). In addition, the Sixth Circuit has found equitable tolling to be appropriate where a movant makes a credible showing, based upon reliable new evidence, that he is actually innocent. *Souter v. Jones*, 395 F.3d 577, 596, 602 (6th Cir. 2005).

The petitioner bears the burden of persuading the court that he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In order to obtain such relief, he must show "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)(quotations omitted).

"Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)(citation omitted.). Equitable tolling should be "applied sparingly" by federal courts, *Dunlap*, 250 F.3d at 1008, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

In response to an order by the court to show cause why the movant's § 2255 motion should

4

not be dismissed as time-barred and in response to the Respondent's motion to dismiss, the movant states that (1) he lacked legal education, knowledge, and experience and did not have anyone to assist him in filing his § 2255 motion; and (2) he did have access to law books or legal materials since he is "at a facility that locks-down a considerable amount of time." (Docket Nos. 5 and 13).

As to the movant's first grounds, case law is clear that the movant's "ignorance of the law is not a basis for equitable tolling." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, the movant "had no right to the assistance of counsel in filing this federal habeas petition." *Id*.

As to the movant's second grounds, the movant does not state how often the institution was on lock-down, or for how long each lock-down period lasted. Most importantly, he has not explained how the lock-downs he experienced prevented him from preparing his motion **for fifteen months**.[2] "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 Fed. App'x 563, 565-66 (6th Cir. 2003); *see also United States v.Williams,* 219 Fed. App'x 778 (10th Cir. 2007)(holding that none of the reasons federal prisoner cited for filing untimely petition for *habeas* relief from drug trafficking conviction, including lock-down status of prison, constituted extraordinary circumstances beyond prisoner's control warranting equitable tolling of limitations period for filing *habeas* petition*); Hughes v. McCann,* 521 F. Supp. 2d 750 (N.D. Ill. 2007)(holding that isolated periods of lock-down during period for filing state petition for post-conviction relief did not provide "extraordinary circumstances" that prevented state prisoner from filing timely state post-conviction relief petition, as required to equitably toll one-year *habeas* limitations period). Nor has the movant described any

---

[2] The movant had one year (twelve months) within which to file his motion, and he did not file his motion until three months after the one-year deadline. Therefore, a total of fifteen months passed before the movant filed his motion.

5

efforts he made to pursue his rights during the period of limitations. On these facts, the court cannot find that the movant has demonstrated that he acted with reasonable diligence to file his § 2255 motion.

The movant asks the court "to accept his late filing under" the Sixth Circuit's decision in *Solomon v. United States*, 467 F.3d 928, 933-34 (6th Cir. 2006). (Docket No. 5). However, the *Solomon* case is distinguishable because the prisoner in that case (Solomon) did not have access to the library during the period shortly after the limitations period applicable to § 2254 petitions and § 2255 motions was enacted. Solomon demonstrated that he had "diligently worked day and night studying and preparing his 2255 [motion]." 467 F.3d at 933-34. About one month before the period of limitations expired, Solomon was transferred without his legal materials to another prison, where his access to the law library was severely restricted. *Id.* at 934. Concerned about the impending deadline, Solomon contacted the clerk of court, who advised him to file a notice of intent to file a § 2255 motion. *Id.* Solomon was unable to file his § 2255 motion until he was returned to the original prison, and the motion was untimely. *Id.* The Sixth Circuit held that Solomon was entitled to equitable tolling because, among other reasons, Solomon had pursued his rights diligently and because extraordinary circumstances beyond his control had factored into his untimeliness. *Id.* at 933-34.

In contrast, the movant here has made no showing of diligent efforts, or of **any** efforts, to file his § 2255 motion within the period of limitations. He has not claimed that he contacted the clerk of court or filed a notice of intent. He has not detailed how the alleged prison lock-downs, like Solomon's unexpected transfer and move to segregated housing, prevented the instant movant from filing his § 2255 motion for a period of fifteen months. Thus, the *Solomon* case does not entitle the

6

movant to equitable tolling.

The court finds that the movant has not carried his burden of proving that the time limitation should be tolled. The movant has not provided the court with facts that would demonstrate why he could not have completed his § 2255 motion within a year, had he been reasonably diligent. Nor has the movant shown "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. 327, 336. Thus, the court finds that the movant has failed to establish grounds that would entitle him to equitable tolling. Mr. Jones' § 2255 motion is untimely and must be dismissed.

**IV.    Evidentiary Hearing Not Needed**

A district court need not hold an evidentiary hearing on a § 2255 motion where the files and record conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts; *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, an evidentiary hearing is not necessary because all of the movant's claims are time-barred.

**V.    Conclusion**

For the reasons explained herein, the Respondent's Motion to Dismiss (Docket No.12) will be **GRANTED**. The movant's motion (Docket No. 1) is **DENIED**, and this action is **DISMISSED**.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge